IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD FOX,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>  Defendant. | Case No: 15 C 6416<br><br>Magistrate Judge Schenkier |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff in this case seeks review of a decision denying his application for supplemental social security income benefits on the ground that he is not disabled. Plaintiff challenges that denial, arguing that a remand for further proceedings is required because the administrative law judge ("ALJ") (1) improperly weighed the medical opinion evidence, (2) improperly assessed plaintiff's residual functional capacity ("RFC"), and (3) improperly assessed plaintiff's credibility (doc. # 15: Pl.'s Mem. at 7-20).

  In response, defendant has filed a motion asking that the case be remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a new hearing and decision (doc. # 25). In the motion, defendant asks that the remand order specify that the ALJ allow for the submission of additional evidence, "further consider plaintiff's mental impairments, further consider plaintiff's mental residual functional capacity, and, if warranted, obtain supplemental expert testimony" (*Id.* at 1).

  In seeking a remand, defendant has done what this and other courts in this Circuit often have encouraged this defendant to do: that is, to carefully review social security appeals and to voluntarily agree to remand those which should receive another look at the administrative level.

That approach has a number of obvious benefits: it saves the parties the time and expense of full briefing on the merits; it saves the Court from expending the resources necessary to decide the merits of a case which all parties agree should be remanded; and it hastens the return of the case to the administrative process, thereby eliminating what otherwise would be a substantial delay in the final disposition of the claim.

However, in this case, we have the unusual situation in which the plaintiff objects to the remand because he disagrees with the language proposed by defendant in the remand order. Plaintiff argues that allowing the defendant to dictate the terms of the remand would be improper, as the government's proposed remand order does not address all the challenges raised by plaintiff. Plaintiff expresses the concern that as a result, on remand the ALJ may ignore plaintiff's arguments not included in the remand order (doc. # 28: Pl. Resp. at 1-2). Thus, plaintiff asks that we include in the remand order language ordering – with great detail -- the review and consideration the ALJ must conduct on remand (*Id.* at 2-3).[1] In the alternative, plaintiff suggests that we use the form of remand order proposed by defendant but with the following sentence added at the end: "The ALJ will also consider all arguments set forth by Plaintiff in her merits brief filed with this Court" (*Id.* at 4). Defendant has filed a reply opposing both of plaintiff's requests (doc. # 29).

---

[1] The language that plaintiff seeks in the remand order is as follows: ". . . upon remand, an administrative law judge will be instructed to offer plaintiff the opportunity for a new hearing and to submit additional evidence. The ALJ will re-weigh the medical opinions pursuant to the requirements of 20 C.F.R. Sec. 416.927, providing appropriate rationale for the weight given to the opinions. Particular consideration will be given to the opinions of Plaintiff's treating psychiatrist, Dr. Khattak, and, if considering the conservative nature of the treatment provided, the ALJ will explore what, if any, additional mental health treatment was available or appropriate for Plaintiff. The ALJ will also reconsider the opinion of treating physician, Dr. Zehra, and whether or not the objective evidence, including the MRI reports, are consistent, or inconsistent, with Dr. Zehra's opinions. The ALJ will further consider plaintiff's mental impairments, further consider plaintiff's mental residual functional capacity, and, if warranted, obtain supplemental vocational expert testimony. In assessing Plaintiff's physical RFC, if the ALJ again decides to find an RFC that is somewhere between the RFC as determined by the State Agency physicians, and the RFC provided by Dr. Zehra, the ALJ will, pursuant to SSR 96-8p's requirements, explain how she reaches her conclusion."

At the threshold, we note that in these circumstances, the Court has the authority to remand the case despite the failure of the parties to agree on the precise terms of the remand order. During an April 14, 2016 hearing in court on the motion, plaintiff's counsel took the position that if the parties could not agree on the terms of the remand order, then the case could not be remanded and that the Court would have to rule on the merits of the appeal after full briefing. We expressed considerable skepticism about that proposition, and invited plaintiff's counsel to cite to any authority to support it. Plaintiff's response sets forth no decisional or other authority in support of the proposition, and we are not surprised that plaintiff was unable to muster any authority for it. There would be no good reason to require full briefing and a judicial decision on the merits where **both** parties agree that the case should be remanded. And here, both parties agree that the case should be remanded; their only quibble is about the terms of the remand order. That quibble does not require this Court to engage in an unnecessary exercise that would waste the resources of the parties and the Court, and that would needlessly delay further administrative proceedings.

We now turn to the competing forms of remand order. We find the language proposed by the government to be appropriate, as it reflects the ground on which the government agrees that a remand should be granted. We reject the alternative form of order proposed by plaintiff for three reasons.

*First*, in some respects the language that plaintiff proposes is nothing more than an admonition to the ALJ to follow the applicable law, which we will not do in a case involving a voluntary remand and thus the absence of any finding by this Court that the ALJ failed to follow the law. Moreover, by including other language that specifically orders the ALJ on remand to consider certain specific evidence and/or witnesses, the order that plaintiff requests would suggest

that this Court has decided on the merits that consideration of those matters is required – which, of course, we have not done. The alternative language proposed by plaintiff suffers from the same vice. Requiring the ALJ to "consider all arguments" raised by plaintiff in his brief implies that the Court has itself considered those arguments and has found them to be meritorious – which, again, we have not done.

*Second*, even when this Court addresses the merits of a Social Security appeal challenging an ALJ's decision on multiple grounds and decides to remand the case, we almost invariably do so on one particular ground. We do not generally march through each of the other grounds raised to accept or reject them, as that would be unnecessary to the remand decision. Thus, if accepted, plaintiff's argument would give him a broader ruling in a voluntary remand than plaintiffs typically receive when the Court decides the case on the merits. Adopting such an approach could discourage defendant from agreeing to voluntary remands, which should be encouraged where appropriate.

*Third*, we note that plaintiff was represented by counsel during the hearing before the ALJ (R. 22, 40), is represented by counsel in the proceedings in this Court, and thus presumably will have one of those attorneys assist him in the proceedings on remand. Plaintiff's counsel will be able to bring to the ALJ's attention any arguments that plaintiff has made in his memorandum in this Court. This makes it highly improbable that the ALJ would ignore arguments made by plaintiff in this Court simply because "they would not be included in the remand order" (Pl.'s Resp. at 2).

That said, we understand plaintiff's concern that the language of defendant's proposed remand order arguably could be read as limiting the scope of the ALJ's consideration on remand.

That is not our intention, and we do not view that as defendant's intention. But to avoid the possibility of any confusion on that score, we will add to the end of the remand order proposed by defendant the following sentence: "In addition, the ALJ is free to receive and consider any other evidence or arguments as she may deem appropriate."

Accordingly, we grant defendant's contested motion for remand (doc. # 25). Defendant shall submit to the Proposed Order Box by the close of business on May 19, 2016 a proposed remand order that contains the additional language the Court requires.

**ENTER:**

_/s/ Sidney I. Schenkier_
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: May 17, 2016**