# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD FOX, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | Case No: 15 C 6416 <br><br> Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this case seeking review of a decision denying his application for supplemental social security income benefits on the ground that he is not disabled. Plaintiff challenged that denial, arguing that a remand for further proceedings is required because the administrative law judge ("ALJ") (1) improperly weighed the medical opinion evidence, (2) improperly assessed plaintiff's residual functional capacity ("RFC"), and (3) improperly assessed plaintiff's credibility (doc. # 15: Pl.'s Mem. at 7-20). In response, defendant filed a motion asking that the case be remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a new hearing and decision (doc. # 25: Def.'s Mot.).

Plaintiff opposed the motion, on the ground that the remand order proposed by the government was unacceptable because it did not provide highly detailed instructions to the ALJ as to what must be addressed on remand (doc. # 28: Pl.'s Resp. at 2-3). In a Memorandum Opinion and Order dated May 17, 2016 (doc. # 31), this Court rejected plaintiff's position, and granted the motion for remand, amending the government's proposed order in only one modest respect – and in a way different from that proposed by plaintiff. Thereafter, on May 20, 2016,

the Court entered the remand order (doc. ## 33, 34).

Presently before the Court is plaintiff's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA") (doc. # 35). In the motion, plaintiff seeks an award of $7,040.04, based on 36.2 hours of attorney time at the hourly rate of $190.54 ($6,897.54) and 1.5 hours of legal assistant time at the hourly rate of $95.00 ($142.50). In its response (doc. # 38), the government does not dispute that plaintiff is entitled to recover EAJA fees, but argues that three reductions should be made. *First*, the government argues that plaintiff should not be reimbursed for the 6.9 hours spent on what it calls plaintiff's "post-offer machinations" (Def.'s Resp. at 3), which, by our count, consists of 6.4 hours of time spent in connection with the remand motion (Pl.'s Mot., Ex. C: Time Entries for 04/07/16, 04/14/16, 04/20/16, and 05/17/16), and .5 hours spent on preparing the motion for EAJA fees (*Id.*: Time Entry for 06/03/16). *Second*, the government argues that plaintiff improperly has calculated his hourly rate by using the Consumer Price Index – All Urban Consumers ("CPI-U"), a national index, when instead he should have used the Chicago Consumer Price Index ("Chicago CPI") (Def.'s Resp. at 3-4). *Third*, the government argues that plaintiff should not receive any reimbursement for the time spent in filing a reply on the EAJA motion (*Id.* at 4). We address each of these contentions in turn.

### I.

As we made clear in our earlier ruling, by seeking a remand, "defendant has done what this and other courts in this Circuit often have encouraged this defendant to do: that is, to carefully review social security appeals and to voluntarily agree to remand those which should receive another look at the administrative level. That approach has a number of obvious benefits: it saves the parties the time and expense of full briefing on the merits; it saves the

Court from expending the resources necessary to decide the merits of a case which all parties agree should be remanded; and it hastens the return of the case to the administrative process, thereby eliminating what otherwise would be a substantial delay in the final disposition of the claim" (05/17/16 Mem. Op. and Order at 1-2).

In deciding whether plaintiff's counsel should be compensated for the time spent opposing that voluntary remand, we find instructive the analysis set forth in *Uphill v. Barnhart*, 271 F. Supp. 2d 1086 (E.D. Wis. 2003). In that case, the court explained that when a plaintiff opposes the Commissioner's request for a voluntary remand because he seeks further direction for the ALJ, "the Court should determine whether the plaintiff's requests were reasonable and, if they were granted, the extent to which the plaintiff obtained any advantage on remand." *Id.* at 1092. Where the plaintiff obtains a remand with "greater safeguards," there should be no reduction in EAJA fees for time spent in obtaining that result; conversely, "if the plaintiff obtains no or only slight benefits on remand, the court should reduce fees accordingly." *Id.*

Under this standard, we agree with the government that plaintiff's counsel is not entitled to EAJA fees for the 6.4 hours spent in opposing the voluntary remand motion. The Court found that the detailed instructions sought by plaintiff were improper, both because they would suggest that this Court "has decided on the merits that consideration of those matters is required – which, of course, we have not done" (05/17/16 Mem. Op. and Order at 4), and because plaintiff's proposed order sought more direction than the Court normally provides when it remands after a consideration of the merits: "[w]e do not generally march through each of the other grounds raised to accept or reject them, as that would be unnecessary to the remand decision" (*Id.*). In addition, during the in-court hearing plaintiff's counsel asserted that if the parties could not agree

on the form of remand order, the Court would have no choice but to rule on the merits of the appeal after requiring full briefing – a position that plaintiff's written response then offered no authority to support, and that the Court rejected summarily (*Id.* at 3). We therefore find that the requests made by plaintiff in his opposition to the remand motion were not reasonable. In addition, we note that the Court's minor addition to the government's proposed form of order was not a revision that the plaintiff proposed, and did not result in some advantage to the plaintiff on remand. For these reasons, we agree with the government that plaintiff should not receive compensation for the 6.4 hours devoted to his opposition to the remand motion.

## II.

Plaintiff seeks EAJA fees based on an hourly rate of $190.54, which he calculated by taking the hourly EAJA rate of $125.00 and adjusting it for the cost of living based on the CPI-U. Plaintiff says that this is the proper rate since his prevailing market rate exceeds this figure (Pl.'s Mot. at 5-6 and Ex. D-I). The government does not argue that the prevailing market rate exceeds this figure, but instead argues that the hourly rate should have been adjusted for cost of living based on the CPI Chicago rather than the CPI-U (Def.'s Resp. at 3-4). In reply, plaintiff argues that the CPI-U should be used because it results in a higher rate than would result from using the CPI Chicago, and thus more closely approximates the prevailing market rate (Pl.'s' Reply at 1-2).

The Seventh Circuit has left open the question of whether courts should use national or regional consumer price index in determining the hourly rate, and instead has left it "to the discretion of the district courts whether to adopt the national or regional index in specific cases." *Sprinkle v. Colvin*, 777 F.3d 421, 428-29 (7th Cir. 2015). In this case, neither side has explained

what the hourly rate calculation would be using the CPI Chicago, and how much that rate would differ from the rate calculated using the CPI-U. We assume that use of the national CPI leads to a higher hourly rate than would the regional CPU, or else plaintiff would not have selected it. However, because it is defendant who objects to the use of the CPI-U, we would have expected defendant to provide that information if it believed the difference was significant here.

Moreover, plaintiff's argument that we should use the index that results in an hourly rate that comes closest to approximating the prevailing market rate is not an unreasonable one. *See Ruiz v. Colvin*, 2:14-CV-69 JEM, 2016 WL 2908287, *2 (N.D. Ind. May 18, 2016) (applying the national CPI in a case involving the same attorney representing plaintiff in this case, explaining that it was reasonable to use the hourly rate resulting from the use of the national index rather than a slightly lower rate using the regional index because that resulted in a rate that was "consistent – if not on the low end – with fees charged for Social Security representation in the Seventh Circuit, [and] this Court"). Defendant has not cited any cases in which courts chose the regional over the national CPI in calculating the hourly rate in a contested EAJA fee matter, and has offered no evidence that the hourly rate sought in this case is out of line with the hourly rates awarded in other cases. We therefore reject defendant's challenge to the hourly rate sought by plaintiff, and will award EAJA fees in this case based on an hourly rate of $190.54.[1]

### III.

Finally, defendant argues that plaintiff should not be awarded fees for the time spent in filing a reply in support of this motion, on the ground that "he had the opportunity to agree to

---

[1] We are aware that in *Trump v. Colvin*, No. 12 C 6194, 2015 WL 97011, at *3 and n.3 (N.D. Ill. Mar. 2, 2015), the court exercised its discretion to apply a regional rate. In using the national rate in this case, we do not hold that the national rate invariably should be used; that would run contrary to the direction in *Sprinkle* that courts exercise discretion in determining whether to "adopt the national or regional index in specific cases." 777 F.3d at 428-29. Rather, we find, in the circumstances of this case, that it is appropriate to use the CPI-U.

these terms without undertaking supplemental briefing" (Def.'s Resp. at 4). We do not know exactly what "terms" defendant refers to in that statement, but we surmise that defendant is referring to the hourly rate issue. If so, plaintiff is entitled to reimbursement for the time spent in replying on that issue, as plaintiff indeed has prevailed on that issue. And, the amount of time claimed for the reply – one hour – is sufficiently modest that we see no reason to reduce it because the reply also covered plaintiff's request to be reimbursed for time he spent in opposing the remand motion.

## CONCLUSION

For the foregoing reasons, we grant plaintiff's motion for EAJA fees (doc. # 35), but in the reduced amount of $6,015.63. This award is derived by taking the 36.2 hours sought in the additional motion, adding one hour for the reply, and then reducing the total time by 6.4 hours, to arrive at a total number of attorney hours of 30.8. We award fees at the hourly rate of $190.54, which when applied to the total number of attorney hours results in the sum of $5,868.63. We add $147.00 for the 1.5 hours of legal assistant time at the hourly rate of $95.00 (the government does not object to the hours or rate of the legal assistant), to reach the total award of $6,015.63.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: September 26, 2016**